UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ORTAVIA D. SIMON, an individual residing
in the State of Florida,

        Plaintiff,

and

SIMON LAW GROUP, P.A., a Florida
Professional Association,

        Plaintiff,

vs.                              CASE NO.: _____

NICHOLSON INJURY LAW PA
a Florida Professional Association,

        Defendant,

and

DAVID SIMON NICHOLSON, an individual
residing in the State of Florida,

        Defendant.
_____/

**VERIFIED COMPLAINT FOR TRADEMARK
AND SERVICE MARK INFRINGEMENT,
UNFAIR COMPETITION, AND INJUNCTIVE RELIEF**

      Plaintiffs, Ortavia D. Simon ("Simon"), and Simon Law Group, P.A. ("Simon Law") (collectively "Plaintiffs"), by and through the undersigned counsel, hereby file this Verified Complaint for Trademark Infringement, Unfair Competition, and Injunctive Relief against Defendants, Nicholson Injury Law PA ("Nicholson Law"), and David

Simon Nicholson ("Nicholson") (collectively "Defendants"). As grounds for this Complaint, Plaintiffs expose, solicit, and allege the following:

## Introduction

1. Since 2016, Plaintiffs have used the tagline "Simon Says You Deserve Justice" (the "Mark") in connection with the provision of legal services in the areas of funeral service law, personal injury law, criminal law, landlord tenant law, family law, and wrongful death law, throughout the State of Florida.

2. Defendants recently began use of the tagline "Simon Says Justice" (the "Infringing Mark"), in connection with the provision of legal services in the areas of car accident law, wrongful death law, slip and fall/premises liability law, personal injury law, pedestrian accident law, motorcycle accident law, and drowning injury law.

3. This is an action for trademark and service mark infringement and unfair competition arising under the federal Lanham Act (15 U.S.C. § 1051 *et seq*.) and Florida state law. Plaintiffs, Simon and Simon Law, seek damages, attorneys' fees, costs, and both preliminary and permanent injunctive relief.

## Parties

4. Plaintiff, Ortavia D. Simon is an individual residing in Orange County, Florida. Simon is the President of Simon Law, and is in the business of providing legal services in the areas of funeral service law, personal injury law, criminal law, landlord tenant law, family law, and wrongful death law. Simon uses the Marks in connection with said legal services.

5. Plaintiff, Simon Law Group, P.A., is a professional association formed under the laws of the State of Florida. Simon Law is in the business of providing legal services in the areas of funeral service law, personal injury law, criminal law, landlord tenant law, family law, and wrongful death law. Simon Law makes authorized use of the Mark in connection with said legal services.

6. Defendant, Nicholson Injury Law, P.A., is a professional association formed under the laws of the State of Florida. Nicholson Law is in the business of providing legal services in the areas of car accident law, wrongful death law, slip and fall/premises liability law, personal injury law, pedestrian accident law, motorcycle accident law, and drowning injury law. In connection with legal services, Nicholson Law is in engaged in the unauthorized use of the Mark.

7. Upon information and belief, Defendant, David Simon Nicholson, is a resident of the State of Florida. Upon information and belief, Nicholson is the President, Registered Agent, and sole owner of Nicholson Law. Upon information and belief, Nicholson is directly responsible for, actively supervises, and specifically authorizes the day to day operations of Nicholson Law.  Through Nicholson law, Nicholson provides legal services in the areas of car accident law, wrongful death law, slip and fall/premises liability law, personal injury law, pedestrian accident law, motorcycle accident law, and drowning injury law. In connection with said legal services, Nicholson is in engaged in the unauthorized use of the Mark.

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction under Section 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331, 1338(a) and 1338(b), in that these claims are brought to determine a question of actual controversy between the parties arising under the trademark and unfair competition laws of the United States.

9. This Court has supplemental jurisdiction over Plaintiffs' state law claims, pursuant to 28 U.S.C. § 1367(a).

10. This Court has personal jurisdiction over Nicholson Law because it is a limited liability company organized under the laws of the State of Florida, it is doing business in Florida and this judicial district, and it has committed unlawful acts which have caused injury to the Plaintiffs within this judicial district.

11. This Court has personal jurisdiction over Nicholson because he is an individual who resides in the State of Florida and, upon information and belief, he resides in this Judicial District and controls the actions and activities of Nicholson Law.

12. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), because Defendants reside in, and a substantial portion of the events or omissions giving rise to Plaintiffs' claims arose in, this judicial district.

**General/Factual Allegations Common to All Claims**

A. <u>Plaintiffs' Use of the Mark</u>.

13. On or around April 13, 2016, Simon was admitted to practice law in the State of Florida.

14. On or around April 25, 2016, Simon incorporated Simon Law as a Florida Professional Association.

15. Since April 2016, Simon and Simon law have been providing legal services throughout the State of Florida, in the areas of funeral service law, personal injury law, criminal law, landlord tenant law, family law, and wrongful death law.

16. Since admittance to practice and inception of the organization, Plaintiffs have continuously used "Simon Says You Deserve Justice" in connection with advertising, marketing, and promoting legal services provided through the State of Florida.

17. The Mark is shown on all Simon and Simon Law marketing material, to include but not be limited to the law firm website (http://simonlaw.group), mobile billboards, social media pages, printed flyers, business cards and brochures. Screenshots of Simon and Simon law marketing material are attached hereto as **"Composite Exhibit A"**.

18. Simon has trademark rights in the Mark, as he has been using it to identify and distinguish his legal services from the legal services of others, such use has been advertised on a wide scale, and former, current, and potential clients recognize his services by the Mark.

19. Simon Law has trademark rights in the Mark, as Simon has granted it such rights by licensing the use of the Mark to distinguish legal services provided by the firm from the legal services provided by other law firms.

20. The Mark, though the same includes Simon's surname, does not merely describe Simon, but points to the provision of legal services in the areas of funeral service

law, personal injury law, criminal law, landlord tenant law, family law, and wrongful death law, thus having acquired distinctiveness and legal protection.

21. In addition to owning common law trademark rights in the Mark, Simon has applied for federal registration of the trademark, "Simon Says", on the Principal Register of the United States Patent and Trademark Office (the "USPTO"), Serial No. 88382853 for "legal services" in Class 45.

22. Based on Plaintiffs' continued use of the Mark, they own the exclusive right to use the Mark in connection their legal services.

23. Plaintiffs consistently used the Mark in commerce, and the same has become known and identifiable as Plaintiffs' prior to Defendants adopting and using the Infringing Mark.

B. <u>Defendants' Use of the Infringing Mark</u>

24. Upon information and belief, on or about July 26, 2016, Nicholson was admitted to practice law in the State of Florida.

25. Upon information and belief, on or about December 21, 2017, Defendants purchased the domain name https://simonsaysjustice.com.

26. Upon information and belief, on or about December 23, 2017, Defendants purchased the domain name https://nicholsoninjurylaw.com.

27. Upon information and belief, on or about January 5, 2018, Nicholson incorporated Nicholson Law.

28. Upon information and belief, Defendants began use of the Infringing Mark in July 2018.

29. Upon information and belief, the Infringing Mark has been used by Defendants on Nicholson Law's website (https://nicholsoninjurylaw.com) as well as on their Facebook page (https://www.facebook.com/NicholsonInjuryLaw/), Instagram page (https://www.instagram.com/nicholsoninjurylaw/?hl=en), billboards, and other promotional materials. Screenshots of use of the Infringing Mark is attached hereto as **"Composite Exhibit B"**.

30. Upon information and belief, Defendants intend to launch commercials using the Infringing Mark in connection with legal services.

31. Neither Nicholson, nor Nicholson law were, or are, affiliated with Plaintiffs or were, or are, authorized by Plaintiffs to use any of Marks in any manner, including in connection with the provision of legal services.

32. The Infringing Mark, "Simon Says Justice", is highly similar to the Mark, "Simon Says You Deserve Justice".

33. The Infringing Mark is being used in connection with services that are identical to those provided by Plaintiffs.

34. The Infringing Mark is being used in connection with services offered in the same geographic location as the geographic location where Plaintiffs provide services.

35. Defendants' use of the Infringing Mark in the manner alleged herein is likely to confuse or deceive the public into believing that Defendants' business and commercial activities are owned, authorized, and/or sponsored by Plaintiffs, or licensed or otherwise approved by or affiliated with Plaintiffs, when they are not.

36. Upon information and belief, both Defendants had at least constructive (if not actual) knowledge of Plaintiffs' prior rights in and to the Mark before deciding to adopt and use the Infringing Mark for Defendants' legal services.

37. On April 24, 2019, Plaintiffs, through their legal counsel, sent written correspondence to Defendants, demanding that they immediately cease use of the Infringing Mark. The Demand is attached hereto as **"Exhibit C"**.

38. Despite receipt of the April 24, 2019 correspondence, Defendants have continued to use the Infringing Mark without authorization from Plaintiffs.

39. On information and belief, Defendants knowingly, willfully, intentionally, and maliciously adopted and used the confusingly similar Infringing Mark.

## Count I: Federal Trademark Infringement

40. Plaintiffs reallege, restate, and adopt by reference, all allegations contained in paragraphs 1-39 of this Complaint as if set forth in full herein.

41. Plaintiffs have trademark rights in the Mark.

42. Simon has applied for a valid federal registration of "Simon Says".

43. Defendants' Infringing Mark is confusingly similar to Plaintiffs' Mark.

44. Defendants' Infringing Mark is in connection with services identical to those rendered and promoted by Plaintiff.

45. Defendants have infringed upon Plaintiffs' trademark rights in the Mark, as the Infringing Mark was adopted and employed by Defendants without the authorization of Plaintiffs.

46. Defendants' ongoing use of the Infringing Mark is likely to cause confusion, deception, and mistake, by creating the false or misleading impression that Defendants' legal services are associated with, connected with, authorized by, approved by, sponsored by Plaintiffs.

47. As Defendants were made aware of such infringement and have continued use of the Infringing Mark, Defendants' ongoing and continued infringement is intentional and without regard for Plaintiffs' rights in the Mark.

48. Defendants' willful and infringing conduct has caused, and is causing, irreparable harm to Plaintiffs' trademark rights and will continue unless enjoined by the Court.

49. Plaintiffs are without an adequate remedy at law to halt such ongoing unlawful conduct.

## Count II: Federal Unfair Competition

50. Plaintiffs reallege, restate, and adopt by reference, all allegations contained in paragraphs 1-39 of this Complaint as if set forth in full herein.

51. Defendants' unauthorized use of the Infringing Mark in connection with the provision of legal services have been advertised and otherwise promoted in interstate commerce within the meaning of the federal Lanham Act.

52. Defendants' unauthorized use of the Infringing Mark in connection with the provision of legal services is likely to cause confusion, deception, and mistake, by creating the false or misleading impression that Defendants' legal services are associated with, connected with, authorized by, approved by, sponsored by Plaintiffs.

53.     By way of their aforesaid conduct, Defendants' use of the Infringing Mark falsely represents that their services and goods are connected or associated with the services and goods of Plaintiffs, all to the harm and damage to Plaintiffs' own goodwill in the Mark.  Such willful and intentional conduct on the part of Defendants, places Plaintiffs' own reputation beyond its control, thereby causing irreparable injury to Plaintiffs and amounts to unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     Defendants' willful and infringing conduct has caused, is causing, and will cause, irreparable harm to Plaintiffs' trademark rights and that conduct will continue unless enjoined by the Court.

55.     Plaintiffs are without an adequate remedy at law to halt such ongoing unlawful conduct.

### Count III: Trademark Dilution

56.     Plaintiffs reallege, restate, and adopt by reference, all allegations contained in paragraphs 1-39 of this Complaint as if set forth in full herein.

57.     Plaintiffs have exclusively and continuously used the Mark in connection with the provision of legal services.

58.     Defendants' unauthorized use of the Infringing Mark in connection with the provision of legal services serves to dilute, and is likely to dilute the distinctiveness of Plaintiffs' Mark, by lessening and diminishing the capacity of the Mark to identify and distinguish the legal services of Plaintiffs from the legal services of other law firms.

59. Defendants' actions demonstrate willful and intentional conduct that trades on the goodwill associated with Plaintiffs or causes dilution of the Mark to the extent of irreparable injury to Plaintiffs.

60. Defendants' willful and infringing conduct has caused, is causing, and will cause, irreparable harm to Plaintiffs' trademark rights, goodwill and business reputations, and dilution of the distinctive value of the Mark, and that conduct will continue unless enjoined by the Court.

61. Plaintiffs are without an adequate remedy at law to halt such ongoing unlawful conduct.

<u>Count IV: Common Law Trademark Infringement Unfair Competition</u>

62. Plaintiffs reallege, restate, and adopt by reference, all allegations contained in paragraphs 1-39 of this Complaint as if set forth in full herein.

63. Defendants' conduct, as alleged above, amounts to trademark and service mark infringement, trade name infringement and unfair competition under the common law of the State of Florida.

64. Defendants' intentional conduct has been wanton, willful, and undertaken in reckless disregard for the superior trademark rights of Plaintiffs.

65. Defendants' intentional and willful infringement and unfair competition irreparably harm Plaintiffs, and that conduct will continue unless enjoined by the Court.

66. Plaintiffs are without an adequate remedy at law to halt such unlawful conduct.

**WHEREFORE**, Plaintiff respectfully requests the Court grant it the following relief: That Defendants and each of their agents, officers, employees, representatives, servants, attorneys, successors, affiliates, assigns, and any other person acting for, with, by, through, or under Defendants' authority, be preliminarily and permanently enjoined from:

(a) Using any trademark, service mark, domain name, trade name, corporate name, fictitious business name containing the words "Simon Says You Deserve Justice", or any other variation, combination, abbreviation, derivative, reproduction, counterfeit, copy or colorable imitation of the same, in connection with any of its services;

(b) Using the domain name <simonsaysjustice.com> and any other domain name that incorporates the wording "Simon Says You Deserve Justice", or any other variation, combination, abbreviation, derivative, reproduction, counterfeit, copy or colorable imitation of the same, in connection with any of its services;

(c) Using the words "Simon Says You Deserve Justice", or any other variation, combination, abbreviation, derivative, reproduction, counterfeit, copy or colorable imitation of the same, in connection with any of its services, in any social media account;

(d) Using the words "Simon Says You Deserve Justice", or any other variation, combination, abbreviation, derivative, reproduction, counterfeit, copy or colorable imitation of the same, in connection with any of its services, in any email address;

(e) Using the words "Simon Says You Deserve Justice", alone or in combination with other words, letters and/or symbols, in any manner which misleads, confuses or deceives or is otherwise likely to mislead, confuse or deceive the trade and/or public as to the origin, affiliation, association or connection of Defendants' goods and/or services with Plaintiffs' goods and/or services;

(f) Committing any acts calculated to cause persons to falsely believe that the services of Defendants are associated or connected with, or authorized or licensed by, Plaintiffs; and,

(g) Competing unfairly with Plaintiffs or otherwise injuring Plaintiffs' business reputation in the manner complained of herein.

2. That Defendants be mandatorily enjoined and ordered to cancel all rights, title and interest in the domain name <simonsaysjustice.com> and any other domain name or other social media account containing the terms "Simon Says You Deserve Justice" or any other variation, combination, abbreviation, derivative, reproduction, counterfeit, copy or colorable imitation of the same.

3. Pursuant to § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, that Defendants be directed to deliver up to Plaintiffs for impoundment and destruction, all advertisements, promotional materials, labels, signs, prints, packages, wrappers, receptacles, uniforms, business cards, stationery and all other materials in the possession or under the control of Defendants bearing or including the trademark or trade name "Simon Says You Deserve Justice" or any other variation, combination,

abbreviation, derivative, reproduction, counterfeit, copy or colorable imitation of the same, in connection with any of its services.

4. That Defendants be required to account for and pay over to Plaintiffs any and all profits received by either or both of them, from the sale of any legal services in connection with their use of the Infringing Mark, and/or the words "Simon Says You Deserve Justice", or any other variation, combination, abbreviation, derivative, reproduction, counterfeit, copy or colorable imitation of the same, as part of a name or mark in connection with said legal services. In addition, in view of the willful and intentional nature of Defendants' unlawful acts, Plaintiff requests that such monetary damages be trebled pursuant to 15 U.S.C. §1117(a).

5. That due to the willful and intentional nature of their conduct, Defendants be required to equitably disgorge any and all profits they have made or realized from the sale of services in connection with their use of the Infringing Mark in order to avoid any unjust enrichment on their part.

6. That Defendants be assessed punitive damages in an amount to be determined at trial which would serve to deter them from similar unlawful conduct in the future.

7. That because of the exceptional nature of the case and the willful and intentional nature of Defendants' unlawful conduct, the Court award Plaintiff its reasonable attorneys' fees in accordance with 15 U.S.C. §1117(a).

8. That this Court award such other and further relief as it shall deem appropriate.

## JURY TRIAL DEMAND

Plaintiffs respectfully demand a trial by jury on all claims and issues to triable.

Dated this **17th** day of **July**, 2019.

                              Respectfully submitted,

                              The Law Office of Shannon N. Davis, P.A.

                              Shannon N. Davis, Esq.
                              Florida Bar No. 85817
                              P.O. Box 770771
                              Winter Garden, FL 34777
                              Tel. (407) 458-9250
                              Fax. (888) 745-0928
                              E-mail: sndavis@sndavislaw.com
                              Attorney for Plaintiffs

## VERIFICATION
## Ortavia D. Simon

STATE OF FLORIDA      )
                      )
COUNTY OF _____ )

I, ORTAVIA D. SIMON, being duly sworn on my oath, state that I have read the forgoing Complaint for Trademark and Service Mark Infringement, Unfair Competition, and Injunctive Relief, and that the statements contained therein are true and accurate to the best of my knowledge, information, and belief.

_____
Ortavia D. Simon, President
Simon Law Group, P.A.

Sworn to or affirmed and signed before me on this __3rd__ day of __July 2019__, 2019 by Ortavia D. Simon, as President, and on behalf of Simon Law Group, P.A.

_____
NOTARY PUBLIC

__Lutes  Simon__
{Print, type, or stamp commissioned name of notary public}

LUTES SIMON JR
Notary Public-State of Florida
Commission # GG 328608
My Commission Expires
April 29, 2023

✓ Personally known
___ Produced identification
___ Type of identification produced _____

## VERIFICATION
### Simon Law Group, P.A.

STATE OF FLORIDA        )
                        )
COUNTY OF _____   )

I, ORTAVIA D. SIMON, being duly sworn on my oath, state that I am the President of Simon Law Group, P.A. I further state that I have read the forgoing Complaint for Trademark and Service Mark Infringement, Unfair Competition, and Injunctive Relief, and that the statements contained therein are true and accurate to the best of my knowledge, information, and belief.

Sworn to or affirmed and signed before me on this __3rd__ day of __July 2019__, 2019 by Ortavia D. Simon.

_____          _____
Ortavia D. Simon                          NOTARY PUBLIC

                                          __Lutes Simon_____
                                          {Print, type, or stamp commissioned name of notary public}

✓ Personally known
___ Produced identification
___ Type of identification produced _____

LUTES SIMON JR
Notary Public-State of Florida
Commission # GG 328608
My Commission Expires
April 29, 2023