UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ORTAVIA D. SIMON and SIMON LAW GROUP, P.A.,**

      **Plaintiffs,**

v.                                                   Case No: 6:19-cv-1312-Orl-41DCI

**NICHOLSON INJURY LAW PA and DAVID SIMON NICHOLSON,**

      **Defendants.**

                                            /

**ORDER**

THIS CAUSE is before the Court on Defendants' Motion to Dismiss ("Motion," Doc. 19) and Plaintiffs' Response (Doc. 20). For the reasons set forth below, the Motion will be granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff Ortavia Simon is an attorney and the president of Plaintiff Simon Law Group, P.A. (Compl., Doc. 1, at 2). Plaintiffs allege that they have common law trademark rights in the tagline "Simon Says You Deserve Justice" (the "Mark"), which they use in connection with advertising, marketing, and promoting the legal services that they provide throughout the state of Florida. (*Id.* at 5–6). Plaintiffs allege that they have continually used the Mark since April 2016. (*Id.* at 5).

Defendant Simon Nicholson is alleged to be an attorney and the president of Defendant Nicholson Injury Law PA. (*Id.* at 3). According to Plaintiffs, since July 2018, Defendants have used the tagline "Simon Says Justice" in connection with Defendants' provision of legal services in the state of Florida. (*Id.* at 2, 6). As a result, Plaintiffs have alleged claims for "Federal Trademark Infringement" (Count I); "Federal Unfair Competition" (Count II); "Trademark

Dilution" (Count III); and "Common Law Trademark Infringement Unfair Competition" (Count IV). Plaintiffs' federal claims are brought pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Plaintiffs' common law claims are brought pursuant to Florida law; Plaintiffs have not designated whether the trademark dilution claim is brought pursuant to Florida or federal law. Defendants have moved to dismiss all claims or, alternatively, to strike certain requests for relief.

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Generally, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. ANALYSIS

Defendants argue that the Complaint must be dismissed for multiple reasons, namely: because Plaintiffs lack standing, Plaintiffs have failed to state a claim, the defense of laches applies, and the Complaint is a shotgun pleading. In the alternative, Defendants seek to strike portions of Plaintiffs Complaint. Each argument will be addressed in turn.

#### A. Standing

As an initial matter, Defendants assert that Plaintiffs lack standing[1] to bring the federal Lanham Act claims, and therefore, this Court lacks subject matter jurisdiction over the remaining state law claims. Defendants' argument is without merit. Plaintiffs bring their federal infringement and unfair competition claims under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which protects unregistered trademarks. *Tana v. Dantanna's*, 611 F.3d 767, 773 (11th Cir. 2010) ("To satisfy the first element of § 43(a)—proof of a valid trademark—a plaintiff need not have a registered mark."); *Rickard v. Auto Publishers, Inc.*, 735 F.2d 450, 453 (11th Cir. 1984) ("Congress provided . . . protection for unregistered trademarks in § 43(a) of the Lanham Act."); *Knights Armament Co. v. Optical Sys. Tech.*, 568 F. Supp. 2d 1369, 1375 (M.D. Fla. 2008) ("Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) forbids trademark infringement, false designation of origin, and unfair competition, and protects both registered and unregistered marks."). Therefore, at a minimum, Plaintiffs have standing to bring their § 43(a) claims,[2] and the Court will properly exercise supplemental jurisdiction over the related state law claims.[3]

---

[1] Defendants point to statutory—as opposed to Article III—standing. The Court sees no basis to question Plaintiffs' Article III standing at this point.

[2] Defendants appear to presume that Plaintiffs' dilution claim is brought pursuant to state law, and thus they do not address Plaintiffs' standing to bring that claim. Regardless, because Plaintiffs' dilution claim is being dismissed, the issue is moot.

[3] Under 28 U.S.C. § 1367(a), "federal courts [have] 'the power to exercise supplemental jurisdiction over all claims that arise out of a common nucleus of operative fact with a substantial

### B. Failure to State a Claim

#### 1. *Trademark Infringement and Unfair Competition*

As noted, Plaintiffs bring claims for trademark infringement and unfair competition under both the Lanham Act and Florida common law. "[A]nalysis of the Florida statutory and common law claims of trademark infringement and unfair competition is the same as under the federal trademark infringement claim." *Gift of Learning Found., Inc. v. TGC, Inc.*, No. 01-8069-CIV-HURLEY, 2001 U.S. Dist. LEXIS 25301, at *30 (S.D. Fla. Oct. 29, 2001), *aff'd*, 329 F.3d 792 (11th Cir. 2003) (per curiam) (citing *Investacorp, Inc. v. Arabian Inv. Banking Corp.*, 931 F.2d 1519, 1521 (11th Cir. 1991)). Additionally, "[i]n the Eleventh Circuit [federal trademark infringement and unfair competition] are often assessed together because 'the same facts that support a claim for trademark infringement are also sufficient to support a claim for unfair competition.'" *Spire, Inc. v. Cellular S., Inc.*, No. 17-00266-KD-N, 2017 U.S. Dist. LEXIS 146169, at *14 (S.D. Ala. Sep. 11, 2017) (quoting *Escot Bus Lines, LLC v. Fla. Express Bus, LLC*, 2017 U.S. Dist. LEXIS 36890, at *3 (M.D. Fla. Mar. 15, 2017) (collecting cases)). Thus, to state a claim on Counts I, II, and IV, Plaintiffs must allege "(1) [they] possess[] a valid mark; (2) [Defendants] used the mark in commerce in connection with the sale or advertising of goods; and (3) [Defendants] used the mark in a manner likely to confuse consumers." *Hoop Culture, Inc. v. Gap Inc.*, 648 F. App'x 981, 983 (11th Cir. 2016) (citing *North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1218 (11th Cir. 2008)).

Defendants argue that Plaintiffs have failed to sufficiently allege facts to support any of these elements. The Court will discuss each in turn.

---

federal claim.'" *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 678 (11th Cir. 2012) (quoting *Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1223 (11th Cir. 1999)).

          a.      Validity

As noted, Plaintiffs only claim common law rights in the Mark; it is not registered. To establish a valid unregistered trademark, the trademark must be "so associated with [Plaintiffs'] goods that the use of the same or similar marks by another company constitutes a false representation that its goods came from the same source." *Tana*, 611 F.3d at 773. "[O]nly those marks that are capable of distinguishing the owner's goods from those of others, i.e., that are sufficiently 'distinctive,' are eligible for . . . protection as common law marks under the Lanham Act." *Id.* "[The Eleventh Circuit] recognizes four categories of distinctiveness, listed in ascending order of strength" as follows:

> (1) generic—marks that suggest the basic nature of the product or service; (2) descriptive—marks that identify the characteristic or quality of a product or service; (3) suggestive—marks that suggest characteristics of the product or service and require an effort of the imagination by the consumer in order to be understood as descriptive; and (4) arbitrary or fanciful—marks that bear no relationship to the product or service, and the strongest category of trademarks.

*Id.* at 774 (quotation omitted). "Suggestive and arbitrary or fanciful marks are deemed 'inherently distinctive' because their intrinsic nature serves to identify a particular source of a product and are generally entitled to trademark protection." *Id.* (quotation omitted). "Generic marks, on the other hand, are generally incapable of receiving trademark protection." *Id.*

Defendants argue that the Mark is a descriptive mark. "Descriptive marks, though not inherently distinctive, may become sufficiently distinctive to enjoy trademark protection by acquiring 'secondary meaning.'" *Id.* (quoting 15 U.S.C. § 1052(f)). Defendants spend much of their argument focused on whether Plaintiffs have sufficiently shown that the Mark has acquired a secondary meaning. But Defendants skipped a step—they do not explain why the Mark is descriptive as opposed to any of the other categories. Defendants merely cite to an allegation in

Plaintiffs' Complaint that states: "The Mark, though the same includes Simon's surname, does not merely describe Simon, but points to the provision of legal services . . . thus having acquired distinctiveness and legal protection." (Doc. 1 at 5–6). Defendants apparently take Plaintiffs' allegation that the Mark has "acquired distinctiveness" as an admission by Plaintiffs that the Mark is a descriptive mark. Unfortunately, Plaintiffs' Response provides no clarification. Regardless, it is Defendants' burden to establish that dismissal is proper, and they have not met it.

First, Plaintiffs' allegation does not concede that its Mark is descriptive by simply stating that it has acquired distinctiveness. Second, Defendants have not explained why Plaintiffs' Mark falls into the descriptive category as opposed to, say, the suggestive category. A suggestive mark "requires no proof of secondary meaning to be protectable." *Am. Tv & Communs. Corp. v. Am. Communs. & Tv, Inc.*, 810 F.2d 1546, 1549 (11th Cir. 1987). The Court draws no conclusions as to the category in which Plaintiffs' Mark properly falls, it only concludes that Defendants—by not addressing the issue—have failed to meet their burden to show that the Mark is descriptive. By failing to meet their burden on this threshold matter, the Court need not address whether the Mark has acquired a secondary meaning. Plaintiffs' claims will not be dismissed on this basis.

b. Use in Commerce

"Common-law trademark rights are initially acquired through priority of appropriation. To acquire common-law rights to a trademark, a party must have demonstrated prior use of the mark in commerce." *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1131 (11th Cir. 2018). Defendants first argue that Plaintiffs have failed to establish sufficient use of the Mark in commerce. Plaintiffs allege that since approximately April 2016, they have been using the Mark "in connection with advertising, marketing, and promoting legal services provided though the State of Florida." (Doc. 1 at 5). Plaintiffs provide examples of such advertising, including "the law firm

website, mobile billboards, social media pages, printed flyers, business cards, and brochures." (*Id.*).[4] Plaintiffs then attach to the Complaint a sampling of such advertisements, including screen shots from Plaintiffs' website, advertisement images, screenshots of social media posts, a photograph of a "mobile billboard"—i.e., a box truck with a billboard on its side—and photographs of Plaintiffs' business cards. (*See generally* Doc. 1-4). All of these images advertise Plaintiffs' legal services and contain the Mark. (*Id.*).

Defendants assert that because Plaintiffs' social media account is "private"—i.e., Plaintiffs must grant users permission to access it—advertisements posted there "can hardly be considered use 'in commerce.'" (Doc. 19 at 10). This argument fails for a number of reasons. First, there is no indication in the Complaint or the attached exhibit that Plaintiffs' social media account is private. The Court cannot look beyond the pleadings at this stage. Second, Defendants fail to cite any authority to support the proposition that advertising on this type of social media account does not constitute use in commerce. And third, Defendants' argument ignores the numerous other forms of advertising alleged by Plaintiffs. Other than the arguments regarding Plaintiffs' social media account, Defendants simply assert, generally, that Plaintiffs have failed to plead sufficient factual detail regarding the frequency, duration, and location of Plaintiffs' advertisements. Again, Defendants provide no legal authority for their argument. Plaintiffs have not merely parroted the legal standard for establishing use in commerce, they have alleged specific instances of advertising and alleged that such advertising has been continuous since 2016. Defendants have not met their burden to show that these allegations fail to sufficiently allege use in commerce.

---

[4] Although Plaintiffs fail to provide any substantive argument, legal citation, or citation to allegations in the Complaint in response to Defendants' Rule 12(b)(6) arguments, it is Defendants' burden, and therefore, the Court has reviewed the appropriate allegations.

       c.  Likelihood of Confusion

  With regard to the element of likelihood of consumer confusion, Defendants argue that Plaintiffs' failure to allege an instance of actual consumer confusion is fatal to their infringement and unfair competition claims. Defendants cite no authority for this proposition, which is a sufficient basis on its own to conclude that Defendants have failed to meet their burden. *United States Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting that the Court need not address a "perfunctory and underdeveloped argument" with no citation to legal authority) (collecting cases). Additionally, while "[e]vidence of confusion by actual or potential customers is, of course, the best evidence of a likelihood of confusion," *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1264 (11th Cir. 2016), it "is not necessary to a finding of likelihood of confusion," *Hard Candy, Ltd. Liab. Co. v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1362 (11th Cir. 2019). Indeed, "[i]n evaluating whether there is a likelihood of confusion between two marks, [the Eleventh Circuit] applies a" seven-factor test, which includes as one factor an examination of actual confusion. *Tana*, 611 F.3d at 774. Defendants have failed to address any of the other factors and have thus failed to meet their burden. Plaintiffs' Trademark Infringement and Unfair Competition claims will not be dismissed at this time.

    2.  *Trademark Dilution*

  In the Complaint, Plaintiffs do not explain whether they are bringing their trademark dilution claim under federal or state law. Regardless, the standard for dilution under Florida law is "virtually identical" to the federal standard. *King Ranch, Inc. v. King Ranch Contractors, LLC*, No. 6:12-cv-597-Orl-37KRS, 2013 U.S. Dist. LEXIS 76777, at *15 (M.D. Fla. Jan. 29, 2013), *report and recommendation adopted by*, 2013 U.S. Dist. LEXIS 76805 (M.D. Fla. May 29, 2013); *compare* Fla. Stat. § 495.151, *with* 15 U.S.C. § 1125(c)(1). To prevail on a dilution claim under

federal or Florida law, "the plaintiff must demonstrate that: (1) the plaintiff's mark is famous; (2) the defendant used the plaintiff's mark after the plaintiff's mark became famous; (3) the defendant's use was commercial and in commerce; and (4) the defendant's use of the plaintiff's mark has likely caused dilution." *Bentley Motors Corp. v. McEntegart*, 976 F. Supp. 2d 1297, 1312–13 (M.D. Fla. 2013); *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat. Univ., Inc.*, 91 F. Supp. 3d 1265, 1286 (S.D. Fla. 2015), *aff'd*, 830 F.3d 1242 (11th Cir. 2016).

As to the first element, "a mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). Both the Lanham Act and the Florida dilution statute provide a non-exhaustive list of factors a court may consider in determining whether a mark is famous. *Id.*; Fla. Stat. § 495.151(1). "To be famous, a mark must have a degree of distinctiveness and strength beyond that needed to serve as a trademark it must be truly prominent and renowned." *Bentley Motors Corp.*, 976 F. Supp. 2d at 1313 (quoting *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, No. 07-80185CIV, 2008 WL 926777, at *5 (S.D. Fla. Apr. 4, 2008)); *Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1259 ("[C]ourts interpreting Florida's anti-dilution statute have concluded that to be 'famous' a mark must be very strong and distinctive.").

As Defendants point out, the Complaint does not allege—even in a conclusory fashion—that the Mark has acquired the degree of distinctiveness and strength necessary to be considered famous. Indeed, Plaintiffs do not appear to dispute that the Complaint fails to allege that the Mark is famous given that they did not address Defendants' arguments with regard to the dilution claim in their Response. Accordingly, Plaintiffs have failed to state a claim for trademark dilution, and Count III is due to be dismissed. Further, because Plaintiffs have not asked for leave to amend, none will be granted. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir.

2002) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

  **C.**  **Laches**

  Defendants next argue that Plaintiffs' claims should be dismissed on the basis of laches. "Laches is an equitable defense that may bar a party's trademark infringement claim brought under the Lanham Act." *Pinnacle Advert. & Mktg. Grp. v. Pinnacle Advert. & Mktg. Grp., LLC*, 418 F. Supp. 3d 1147, 1149 (S.D. Fla. 2019). To establish a laches defense to Lanham Act trademark claims, "a defendant must demonstrate the presence of three elements . . . : (1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *Id.* (quoting *Kason Indus., Inc. v. Comp. Hardware Grp., Inc.*, 120 F.3d 1199, 1203 (11th Cir. 1997)). For Plaintiffs' state law claims, "[t]he elements of common law laches are (1) 'conduct on the part of the defendant . . . giving rise to the situation of which complaint is made'; (2) 'the plaintiff, having knowledge or notice of the defendant's conduct, and having been afforded the opportunity to institute suit, is guilty of not asserting his rights by suit'; (3) 'lack of knowledge on the part of the defendant that plaintiff will assert the right on which he bases his suit'; and (4) 'injury or prejudice to the defendant in event relief is accorded to the plaintiff, or in the event suit is held not to be barred.'" *Corya v. Sanders*, 155 So. 3d 1279, 1285 (Fla. 4th DCA 2015) (quoting *Van Meter v. Kelsey*, 91 So. 2d 327, 330–31 (Fla. 1956)).

  The application of laches under both federal and Florida law requires a defendant to establish that it faced some sort of significant prejudice. Defendants have not addressed this factor in their Motion, and therefore, they have not met their burden to establish an entitlement to the defense of laches.

Moreover, as Plaintiffs point out, Defendants misconstrue the facts alleged in the Complaint. Specifically, the Complaint alleges that Defendants purchased the domain name https://simonsaysjustice.com in December 2017, (Doc. 1 at 6), and this is the allegation that Defendants rely on to argue that Plaintiffs were aware of the alleged infringement for an unreasonable amount of time before bringing suit. However, the Complaint goes on to allege that Defendants did not begin using the alleged infringing mark until July 2018. (*Id.*). And, there is no allegation in the Complaint that Plaintiffs were aware of Defendants' purchase of the above-referenced domain name at the time of its purchase or prior to July 2018. This case was filed on July 17, 2019—approximately one year after Plaintiffs allege that Defendants began infringing Plaintiffs' Mark. Defendants have not provided any authority to establish that this timeframe constitutes a sufficient delay for laches to apply. Defendants have failed to meet their burden of establishing that they are entitled to a dismissal of Plaintiffs' claims on the basis of laches.

### D. Shotgun Pleading

"The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1129–30 (11th Cir. 2001)). The Eleventh Circuit has defined four types of shotgun pleadings. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015). Defendants argue here that Plaintiffs are guilty of "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

However, "Rule 8 does not require a plaintiff to bring separate claims against each defendant as long as each defendant has notice of the specific claims against it. *Holding Co. of the*

*Vills. v. Little John's Movers & Storage, Inc.*, No. 5:17-cv-187-Oc-34PRL, 2017 U.S. Dist. LEXIS 202882, at *18–19 (M.D. Fla. Dec. 11, 2017). The Complaint here is clearly alleging that Defendant Nicholson—who is alleged to be the attorney that founded and operates Defendant Nicholson Injury Law PA—acted in concert with Nicholson Injury Law PA and that they are both responsible for the alleged infringement. Thus, Plaintiffs' collective allegations are not improper. *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) ("The fact that defendants are accused collectively does not render the complaint deficient. The complaint can be fairly read to aver that all defendants are responsible for the alleged conduct."). Additionally, the case relied on by Defendants—*Veltmann v. Walpole Pharmacy*—involved a complaint filed by pro se plaintiffs against eight separate defendants, which failed to articulate even the legal basis upon which the plaintiffs were proceeding. 928 F. Supp. 1161, 1163–65 (M.D. Fla. 1996). Despite Defendants' contentions, the instant Complaint is not analogous to the *Veltmann* Complaint. The Complaint will not be dismissed as a shotgun pleading.

### E.  Motion to Strike

In a move akin to throwing spaghetti against the wall, Defendants next set forth a series of largely unsupported arguments, asserting that all of the following should be stricken: (1) Plaintiffs' request for monetary damages; (2) Plaintiffs' request for an accounting; (3) Plaintiffs' request for attorneys fees; (4) Plaintiffs' request for treble damages; and (5) Plaintiffs' request for punitive damages. In an equally frustrating, but at this point expected, show of indifference to this litigation, Plaintiffs' response is summary and lacks any legal citation.

With regard to Defendants' argument regarding Plaintiffs' request for monetary damages, Defendants simply assert that there are no damages, so Plaintiffs request should be stricken. This argument need not even be addressed. The Court does not simply take Defendants at their word

that there are no damages. The same is true for Defendants' unsupported statement that this case is not sufficiently exceptional to warrant an award of attorneys' fees.

As to Defendants' argument that Plaintiffs' request for an accounting should be stricken, they merely cite a case that states: "Although we find § 35 remedies applicable to § 43(a) suits, we do not suggest that § 43(a) plaintiffs will always be entitled to the full panoply of § 35's remedies. An accounting of profits under § 35 would often be inappropriate in § 43(a) cases involving neither unjust enrichment nor diverted trade." *Rickard*, 735 F.2d at 459 n.37. Simply noting that a remedy is not often available does not equate to holding that it is never available. The Court makes no conclusion as to whether such a remedy is available here, it only concludes that Defendants have failed to meet their burden.

Next, Defendants assert that Plaintiffs' request for treble damages under 15 U.S.C. § 1117(b) should be stricken because Plaintiffs' do not allege use of a counterfeit mark. Unfortunately for Defendants, Plaintiffs request treble damages under subsection *a* of § 1117, not subsection *b*, so their argument is inapplicable. Defendants have failed to meet their burden here.

Finally, Defendants assert that Plaintiffs' request for punitive damages should be stricken because such damages are not available under the Lanham Act. However, Defendants do not address whether such damages are available under Florida law, and the Court will not make such arguments for them. *Watkins v. Goodyear Pension Plan*, No. 4:17-cv-461-VEH, 2018 U.S. Dist. LEXIS 70264, at *16–17 (N.D. Ala. Apr. 26, 2018) (noting that "[t]he Court will not fill in the gaps for [Defendants]," and explaining that "under the adversary system the Court does not serve as counsel's law clerk" (quotation omitted)). Thus, Defendants have also failed to meet their burden here.

## IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motion to Dismiss ("Motion," Doc. 19) is **GRANTED in part** and **DENIED in part.**

2. Count III is **DISMISSED**.

3. The Motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 17, 2020.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record