UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ORTAVIA D. SIMON and SIMON LAW GROUP, P.A.,**

      **Plaintiffs,**

v.   Case No:  6:19-cv-1312-Orl-41DCI

**NICHOLSON INJURY LAW PA and DAVID SIMON NICHOLSON,**

      **Defendants.**

                                         /

## ORDER

THIS CAUSE is before the Court on Plaintiffs' Motion for Preliminary Injunction ("Motion," Doc. 32) and Defendants' Response (Doc. 33). For the reasons set forth below, the Motion will be denied.

### I.   BACKGROUND[1]

Plaintiff Ortavia Simon is an attorney and the president of Plaintiff Simon Law Group, P.A. (Compl., Doc. 1, at 2). Plaintiffs allege that they have common law trademark rights in the tagline "Simon Says You Deserve Justice" (the "Mark"), which they use in connection with advertising, marketing, and promoting the legal services that they provide throughout the state of Florida. (*Id.* at 5–6). Plaintiffs allege that they have continually used the Mark since April 2016. (*Id.* at 5).

Defendant Simon Nicholson is alleged to be an attorney and the president of Defendant Nicholson Injury Law PA. (*Id.* at 3). According to Plaintiffs, since July 2018, Defendants have

---

[1] While Plaintiffs provided no record citation whatsoever in the Motion, Defendants do not appear to dispute, at least for purposes of this motion, the basic facts set forth above, which are taken from the Complaint.

used the tagline "Simon Says Justice" in connection with Defendants' provision of legal services in the state of Florida. (*Id.* at 2, 6). As a result, Plaintiffs have alleged claims for trademark infringement and unfair competition under both federal and Florida law. (*See generally* Doc. 1).[2] Plaintiffs now seek a preliminary injunction, enjoining Defendants from using their tagline during the pendency of this case.

## II. LEGAL STANDARD

To obtain a preliminary injunction, the movant must sufficiently establish that (1) "it has a substantial likelihood of success on the merits;" (2) "irreparable injury will be suffered unless the injunction issues;" (3) "the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party;" and (4) "the injunction would not be adverse to the public interest." *Forsyth Cty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)). "A preliminary injunction, moreover, 'is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" *Llovera v. Fla.*, 576 F. App'x 894, 896 (11th Cir. 2014) (per curiam) (quoting *Forsyth Cty.*, 633 F.3d at 1039).

"To carry its burden, a plaintiff seeking a preliminary injunction must offer proof beyond unverified allegations in the pleadings. Moreover, vague or conclusory affidavits are insufficient to satisfy the plaintiff's burden." *Palmer v. Braun*, 155 F. Supp. 2d 1327, 1331 (M.D. Fla. 2001), *aff'd*, 287 F.3d 1325, 1327 (11th Cir. 2002); *see also* M.D. Fla. Rule 4.06(b)(1) (incorporating the requirements of Local Rule 4.05(b)(1)–(5), which states in relevant part that "[t]he motion must

---

[2] Plaintiffs originally also asserted a claim for trademark dilution, but that claim was dismissed. (June 17, 2020 Order, Doc. 42, at 14).

be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits").

### III.   ANALYSIS

Plaintiff provides no record citations in the Motion and submits no evidence in support of the Motion. Based on the standard set forth above, this failing alone is a sufficient basis for denial of the Motion. *NuVasive, Inc. v. LeDuff*, No. 2:19-cv-698-FtM-38NPM, 2019 U.S. Dist. LEXIS 196544, at *9 (M.D. Fla. Nov. 13, 2019) (explaining that to meet its burden, the moving party "must support a motion for preliminary injunction with evidence"). However, the Motion also fails on the merits.

Plaintiffs have not established a likelihood of success on the merits of their claims for federal or common law trademark and unfair competition. "[A]nalysis of the Florida statutory and common law claims of trademark infringement and unfair competition is the same as under the federal trademark infringement claim." *Gift of Learning Found., Inc. v. TGC, Inc.*, No. 01-8069-CIV-HURLEY, 2001 U.S. Dist. LEXIS 25301, at *30 (S.D. Fla. Oct. 29, 2001), *aff'd*, 329 F.3d 792 (11th Cir. 2003) (per curiam) (citing *Investacorp, Inc. v. Arabian Inv. Banking Corp.*, 931 F.2d 1519, 1521 (11th Cir. 1991)). Additionally, "[i]n the Eleventh Circuit [federal trademark infringement and unfair competition] are often assessed together because 'the same facts that support a claim for trademark infringement are also sufficient to support a claim for unfair competition.'" *Spire, Inc. v. Cellular S., Inc.*, No. 17-00266-KD-N, 2017 U.S. Dist. LEXIS 146169, at *14 (S.D. Ala. Sept. 11, 2017) (quoting *Escot Bus Lines, LLC v. Fla. Express Bus, LLC*, 2017 U.S. Dist. LEXIS 36890, at *3 (M.D. Fla. Mar. 15, 2017) (collecting cases)). Thus, to obtain a preliminary injunction, Plaintiffs must establish a likelihood of success on proving the following elements: "(1) [they] possess[] a valid mark; (2) [Defendants] used the mark in commerce in

connection with the sale or advertising of goods; and (3) [Defendants] used the mark in a manner likely to confuse consumers." *Hoop Culture, Inc. v. Gap Inc.*, 648 F. App'x 981, 983 (11th Cir. 2016) (citing *North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1218 (11th Cir. 2008)). Plaintiffs fail to meet their burden with regard to the first element.

As noted, Plaintiffs only claim common law rights in the Mark; it is not registered. To establish a valid unregistered trademark, the trademark must be "so associated with [Plaintiffs'] goods that the use of the same or similar marks by another company constitutes a false representation that its goods came from the same source." *Tana v. Dantanna's*, 611 F.3d 767, 773 (11th Cir. 2010). "[O]nly those marks that are capable of distinguishing the owner's goods from those of others, i.e., that are sufficiently 'distinctive,' are eligible for . . . protection as common law marks under the Lanham Act." *Id.* "[The Eleventh Circuit] recognizes four categories of distinctiveness, listed in ascending order of strength" as follows:

> (1) generic—marks that suggest the basic nature of the product or service; (2) descriptive—marks that identify the characteristic or quality of a product or service; (3) suggestive—marks that suggest characteristics of the product or service and require an effort of the imagination by the consumer in order to be understood as descriptive; and (4) arbitrary or fanciful—marks that bear no relationship to the product or service, and the strongest category of trademarks.

*Id.* at 774 (quotation omitted). Generic marks are not considered distinctive and "are generally incapable of receiving trademark protection," while "[s]uggestive and arbitrary or fanciful marks are deemed 'inherently distinctive' because their intrinsic nature serves to identify a particular source of a product and are generally entitled to trademark protection." *Id.* (quotation omitted). In the middle are descriptive marks, which "though not inherently distinctive, may become sufficiently distinctive to enjoy trademark protection by acquiring 'secondary meaning.'" *Id.* (quoting 15 U.S.C. § 1052(f)).

Plaintiffs simply do not address whether their Mark is valid. They do not argue or explain why the Mark should fall into one of the inherently distinctive categories, nor do they suggest that the Mark is descriptive but has acquired a secondary meaning. The Motion is simply silent as to the validity of the Mark. The closest Plaintiffs get to addressing the issue is one unsupported statement—which does not mention validity—but which states that "through its association with [Plaintiffs' legal services], Plaintiffs' Mark has acquired a special significance and distinctiveness." (Doc. 32 at 8). Plaintiffs cite no legal authority and do not provide any substantive analysis. Further, to the extent this statement is meant to be an argument that the Mark is a valid descriptive mark, it utterly fails to address the requirements of acquiring a secondary meaning. *See Tana*, 611 F.3d at 776 (setting out the four factors the Eleventh Circuit considers in assessing secondary meaning). Thus, Plaintiffs have failed to meet their burden to establish that the Mark is likely valid.

This failure also impacts Plaintiffs' ability to establish a likelihood of proving the third element—a likelihood of consumer confusion. In analyzing this element, courts consider "(1) strength of the mark alleged to have been infringed; (2) similarity of the infringed and infringing marks; (3) similarity between the goods and services offered under the two marks; (4) similarity of the actual sales methods used by the holders of the marks, such as their sales outlets and customer base; (5) similarity of advertising methods; (6) intent of the alleged infringer to misappropriate the proprietor's good will; and (7) the existence and extent of actual confusion in the consuming public. *Id.* at 774–75. "Evidence of confusion by actual or potential customers is, of course, the best evidence of a likelihood of confusion," *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1264 (11th Cir. 2016)

As noted above, Plaintiffs did not even address the validity of their Mark much less its strength. Further, despite Plaintiffs', again unsupported, statement that "the consuming public is confused by Defendants' use of the Infringing Mark," (Doc. 32 at 8), they have not submitted any evidence of actual confusion. As to the remaining factors, Plaintiffs simply state that Plaintiffs and Defendants are currently providing similar legal services within the state of Florida and use similar media outlets. Predictably, Plaintiffs provide no citation to evidence or any legal authority to support their contention that these bare-bone assertions are sufficient to establish a likelihood of consumer confusion.

Finally, Plaintiffs have not met their burden to establish irreparable harm. Plaintiffs solely rely on a presumption that irreparable harm exists where there is a likelihood of consumer confusion. (Doc. 32 at 9). First, the validity of that presumption has been called into question. *See Hoop Culture, Inc. v. Gap Inc.*, 648 F. App'x 981, 984 (11th Cir. Fla. April 28, 2016) ("[T]he Supreme Court's decision in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), call[ed] into question whether courts may presume irreparable harm merely because a plaintiff in an intellectual property case has demonstrated a likelihood of success on the merits." (internal quotation and citation omitted)). Regardless, as noted, Plaintiffs have failed to establish a likelihood of success on the merits, so this presumption would not apply here. Plaintiffs provide no other argument, and certainly no evidence, regarding irreparable harm. Thus, Plaintiffs have also failed to establish that they will suffer irreparable harm absent a preliminary injunction.

### IV.   CONCLUSION

Plaintiffs have failed to meet their burden to obtain a preliminary injunction. Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiffs' Motion for Preliminary Injunction (Doc. 32) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 22, 2020.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record